



FILED
Feb 25, 2020
11:16 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Shawanda Bryant | ) | Docket No. 2018-08-1014 |
| | ) | |
| v. | ) | State File No. 60331-2017 |
| | ) | |
| Industrial Staffing Services, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Amber E. Luttrell, Judge | ) | |

---

**Affirmed and Remanded**

---

Following an expedited hearing in which the employee sought additional medical treatment for her work-related injury, the trial court determined the employee had not presented sufficient evidence to establish her entitlement to the requested treatment. The employee has appealed but has failed to file a transcript of the trial court proceedings or a joint statement of the evidence and has not filed a brief. Having carefully reviewed the record, we affirm the trial court's decision and remand the case.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Shawanda Bryant, Cordova, Tennessee, employee-appellant, pro se

D. Andrew Saulters, Nashville, Tennessee, for the employer-appellee, Industrial Staffing Services, Inc.

### Memorandum Opinion[1]

On August 7, 2017, Shawanda Bryant ("Employee") suffered an injury in the course and scope of her employment with Industrial Staffing Services, Inc. ("Employer"),

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

while lifting boxes.[2]  She timely reported her injury, complaining of pain in her left arm and neck and a headache.  Employer accepted the claim as compensable and provided a panel of physicians from which Employee selected Dr. Mark Harriman.  Dr. Harriman's initial assessment indicated Employee had cervical radiculopathy, and he prescribed a regimen of physical therapy and recommended work restrictions.  At a subsequent visit, he ordered an MRI due to Employee's complaints that her condition was worsening.  Following the MRI, which Dr. Harriman noted to be "virtually normal," he diagnosed Employee as having a cervical strain, and he ordered additional physical therapy.

At Employee's last visit on November 8, 2017, Dr. Harriman released her from his care, stating in his report that Employee was at maximum medical improvement, that she could return to unrestricted work, and that she did not retain any permanent impairment as a result of her work injury.  He noted in the report that Employee had gone to an emergency room that day "because of her pain," but concluded he could "see no reason why she should have gone to the emergency room today [as] she appears to be perfectly comfortable."  Dr. Harriman signed a Final Medical Report (Form C-30A) on November 29, 2017, indicating that Employee had no permanent impairment and that he did not anticipate she would need future medical treatment for her work-related injury.

Both before and after being released by Dr. Harriman, Employee sought medical treatment from several providers who were not authorized by Employer.  According to the trial court's expedited hearing order, Employee testified "she experienced pain during physical therapy that sometimes led her to the emergency room."  The trial court noted that Employee sought treatment at Baptist Memorial Hospital's emergency department on November 8, 2017, which was the date Dr. Harriman placed her at maximum medical improvement and released her from his care.

Employee also sought treatment from her primary care physician, Dr. Frederick Pelz.  Although not all Dr. Pelz's office notes are included in the record, it appears that Dr. Pelz treated Employee on at least eighteen occasions beginning on August 14, 2017, and ending on February 25, 2019.  Dr. Pelz ordered electrodiagnostic studies due to Employee's ongoing complaints of neck pain.  The November 2017 studies were interpreted as evidencing no cervical radiculopathy but indicated moderate median neuropathy at both wrists, which the report noted "did not represent [Employee's] primary complaint."  Dr. Pelz's February 25, 2019 report stated that Employee was treated "at a pain clinic by Dr. McGehee with nerve blocks and trigger point injections with little success."  This report further stated that Employee asked Dr. Pelz to "place a percentage on her pain," and the report included Dr. Pelz's opinion that "[greater than] 80% [of Employee's pain is] due to her injury in late 2017."  Dr. Pelz recommended that Employee "continue receiving care from [her] pain management clinic."

---

[2] The record does not include a transcript of the expedited hearing or a joint statement of the evidence. We have gleaned the facts from the pleadings and the trial court's expedited hearing order.

Employee was also seen on two occasions by a neurologist, Dr. Aremmia Tanious, in April and May 2019. At the expedited hearing, Employee introduced two letters signed by Dr. Tanious, one of which stated that Employee had severe neck and shoulder pain that started after the 2017 lifting incident at work. Further, the letter stated that "[b]ased on the history and the physical examination, (with no prior history of similar problem), her chronic neck and shoulder pain since 2017 is most likely related to chronic whiplash injury from injury at work while lifting heavy boxes."

Employer obtained a medical evaluation by Dr. Fereidoon Parsioon, a neurosurgeon. The record of Employee's visit indicates Dr. Parsioon spent approximately two hours with Employee during which he examined her and reviewed three MRIs, concluding Employee "does not have anything wrong related to this injury and there are no acute processes on her MRIs present." The report stated that Employee "had a reasonable degree of conservative medical management with multiple sessions of physical therapy, work restrictions, cervical epidural blocks, trigger point injections, dry needling, and medications.[3] Dr. Parsioon concluded that Employee did not need "any further epidural blocks or trigger point injections" and did not need "any further physical therapy or dry needling."

Employee filed a petition requesting additional medical care in August 2018. Following the October 2019 expedited hearing, the trial court stated in its order that "both of [Employee's] authorized physicians concluded [Employee] does *not* require any additional treatment for the work injury." (Emphasis in original.) The court noted that although Dr. Pelz stated that "greater than eighty percent of [Employee's] pain was due to her 2017 injury," he did not provide any opinion concerning Employee's need for additional treatment. Addressing the letters authored by Dr. Tanious, the court stated that "[h]is opinion that [Employee] suffered from 'chronic whiplash' from her work injury, almost two years later, was unsupported by [Employee's] medical records and is unpersuasive." The trial court concluded that Employee did not present sufficient evidence to show she is likely to prevail at trial in establishing the need for additional medical treatment related to her work injury.

Employee filed a notice of appeal that does not clearly state any issues to be reviewed. In the notice, Employee alleged that her doctor's medical records stated that "[her] injury clearly came from" the work-related incident, and that the records of the emergency department physicians stated that "[her] cervical spasms" resulted from the work-related incident. However, Employee did not file a brief and failed to identify what error, if any, was made by the trial court. Moreover, Employee made no argument and cited no statute or court decision to support her position.

---

[3] "Dry needling" is a treatment in which a "thin monofilament needle penetrates the skin and treats underlying muscular trigger points for the management of neuromuscular pain and movement impairments." https://www.mayoclinichealthsystem.org/hometown-health/speaking-of-health/on-pins-and-needles-just-what-is-dry-needling (last visited Feb. 21, 2020).

Following the filing of Employee's notice of appeal, and after the expiration of the applicable time period for a party to file a transcript of the interlocutory hearing, Employee requested additional time to file a transcript. We denied Employee's motion based upon the request being filed after the expiration of the applicable time for requesting an extension of time. *See* Appeals Board Prac. & Proc. § 4.1 ("Any motion seeking to extend any time limit during the pendency of an appeal must be filed prior to the expiration of the applicable time limit."). Thus, the record does not include a transcript of the hearing, and the parties have not filed a joint statement of the evidence. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(1) (2018). Accordingly, we must presume the trial court's factual findings are supported by the record. *Hale v. Prime Pkg. & Label, LLC*, No. 2015-06-0150, 2015 TN Wrk. Comp. App. Bd. LEXIS 22, at *13 (Tenn. Workers' Comp. App. Bd. July 16, 2015).

Employee is self-represented in this appeal, as she was in the trial court. Parties who represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). However, as explained by the Tennessee Court of Appeals,

> courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. . . . Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted).

It is not our role to search the record for possible errors or to formulate legal arguments in favor of Employee where she has provided no argument or authority to support her position. *Cosey v. Jarden Corp.*, No. 2017-01-0053, 2019 TN Wrk. Comp. App. Bd. LEXIS 3, at *8 (Tenn. Workers' Comp. App. Bd. Jan. 15, 2019). Were we to search the record for possible errors and raise issues or formulate arguments for Employee, we would be acting as her counsel, which the law prohibits. *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015). *See also Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her.").

For the foregoing reasons, we affirm the decision of the trial court and remand the case. Costs on appeal have been waived.

4



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Shawanda Bryant | ) | Docket No. 2018-08-1014 |
| | ) | |
| v. | ) | State File No. 60331-2017 |
| | ) | |
| Industrial Staffing Services, Inc., et al | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Amber E. Luttrell, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 25th day of February, 2020.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Shawanda Bryant | | X | | X | 1126 Gimel Lane Cordova, TN 38016 shawanda.thomas@yahoo.com |
| D. Andrew Saulters | | | | X | dsaulters@ortalekelley.com jarmstrong@ortalekelley.com |
| Amber E. Luttrell, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov